IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RODNEY CURTIS BIBLE, #1323571,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0885-G |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner Rodney Curtis Bible (Bible) is presently incarcerated within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. Although the court initially issued process in this case, it subsequently relieved Respondent from responding to the petition until further notice of the court.

Statement of the Case: Bible pled guilty to robbery without an agreement as to punishment and pleaded true to the enhancement paragraph. The trial court found him guilty, found the enhancement paragraph true, and sentenced him to twenty-five years imprisonment

and a $2,500 fine.  *State v. Bible*, No. F05-51098 (204th Judicial District Court, Dallas County, Aug. 6, 2005).  The Fifth District Court of Appeals at Dallas affirmed the judgment.  *Bible v. State*, No. 05-05-01200-CR (Tex. App. May 4, 2006), http://www.courtstuff.com/FILES/05/05/05051200.HTM.

On July 11, 2006, before the issuance of the mandate, Petitioner filed a state habeas application pursuant to art. 11.07, of the Texas Code of Criminal Procedure.  *See* No. W05-51098-A, http://www.dallascounty.org/pars2/criminalSearch.html.  The Texas Court of Criminal Appeals (TCCA) dismissed the application because the direct appeal was still pending as of its filing.  *Ex parte Bible*, No. WR-65,592-01, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=245738.

On October 4, 2006, Petitioner filed his second art. 11.07 application, seeking among other grounds, an out-of-time petition for discretionary review (PDR).  *See* No. W05-51098-B, http://www.dallascounty.org/pars2/criminalSearch.html.  On January 16, 2008, the TCCA granted Petitioner leave to file an out-of-time PDR, and dismissed his remaining claims.  *See Ex parte Bible*, No. WR-65,592-04, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=256653; and No. AP-75,813, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=257307.  Thereafter, Petitioner filed the out-of-time PDR, which the TCCA refused on August 20, 2008.  *See* No. PD-0162-08. www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=257646.

In this federal petition, deemed filed on May 20, 2008 (a few days after the filing of the out-of-time PDR), Bible alleges insufficiency of the evidence, invalidity of his guilty plea, and ineffective assistance of counsel.[1]

On July 25, 2008, the court ordered Petitioner to show cause why his petition should not be dismissed for failure to exhaust state court remedies. Bible filed his response on August 12, 2008.[2]

Findings and Conclusions: This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c) (West 2008); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the TCCA in a petition for discretionary

---

[1] For purposes of this recommendation, the petition is deemed filed on May 20, 2008, the date on which Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[2] A court may raise *sua sponte* the lack of exhaustion. *See Magouirk v. Phillips,* 144 F.3d 348, 357 (5th Cir. 1998); *see also Tigner v. Cockrell,* 264 F.3d 521, 526 n. 3 (5th Cir. 2001) (exhaustion); *Shute v. Texas,* 117 F.3d 233, 237 (5th Cir.1997).

3

review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

In response to the court's show cause order, Bible asserts his federal claims are exhausted because they were presented to the TCCA in the art. 11.07 application seeking an out-of-time PDR.. (Pet's Aug. 12, 2008 Response at 2). According to Petitioner, the fact that the state court "dismissed" all claims, unrelated to the out-of-time PDR, does not preclude a finding of exhaustion. (*Id.*). He explains the state court was given an adequate opportunity to address his claims, and his federal claims are unrelated to the claims presented in his out-of-time PDR. (*Id.*). Relying on *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004), Bible argues that statutory tolling ceased after the TCCA granted him the opportunity to file an out-of-time PDR and dismissed his remaining claims, and that the dismissal of the federal petition at this juncture would deny "this petitioner the protections of the Great Writ entirely." (*Id.* at 3-4). In support, he appears to argue that a second federal petition would be time barred and that he would be ineligible for equitable tolling. (*Id.*).

In its January 16, 2008 order granting an out-of-time PDR, the TCCA dismissed all of Petitioner's remaining claims pursuant to *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In *Ex parte Torres*, the TCCA granted the petitioner's initial application for post-conviction relief insofar as it requested an out-of-time appeal, and disposed of all remaining claims for reasons unrelated to the merits. *Id.* at 472. The court concluded that the remaining claims were not decided on the merits, and thus, that their dismissal did not preclude the petitioner from raising them in a subsequent habeas corpus petition. *Id.* at 472 and 474

4

(dismissal, as opposed to a denial, is not considered a final disposition on the merits for purposes of Texas Code of Criminal Procedure art. 11.07, § 4(a)).

In this case, as in *Ex parte Torres*, the TCCA did not decide Bible's remaining claims on the merits. The TCCA specifically dismissed the remaining claims in accordance with *Ex parte Torres*. Petitioner's contention to the contrary is unsubstantiated and meritless. The court concludes that the TCCA has not had an opportunity to consider Petitioner's claims on the merits. Therefore, those claims remain unexhausted.

Petitioner's arguments with respect to the one-year statute of limitations fare no better.[3] This case is distinguishable from *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004), where the TCCA granted the out-of-time PDR *after* the one-year period had elapsed, and the petitioner was not entitled to equitable tolling. The one year-period has yet to elapse in Bible's case. A review of state docket sheets reflects that Bible's conviction became final on June 3, 2006, thirty days after the court of appeals affirmed his conviction. *See* 28 U.S.C. § 2244(d)(1)(A); TEX. R. APP. P. 68.2(a) (effective September 1, 1997). The one-year period began to run on June 4, 2006, the day after his conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). As of the filing of the second art. 11.07 application on October 4, 2006, 122 days of the

---

[3] The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

one-year period elapsed.[4] The second application remained pending until January 16, 2008, (when the TCCA granted Petitioner the opportunity to file an out-of-time PDR), during which time the one-year period was statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

Since Bible was granted the opportunity to file an out-of-time PDR before the one-year period expired, statutory tolling continued until August 20, 2008, when the TCCA issued its order refusing the out-of-time PDR. In *Salinas*, the Fifth Circuit made clear that the limitations period is statutorily tolled throughout the pendency of the out-of-time PDR. *Id.* at 430. "[W]hen a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief tolls the AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief." *Id.*[5] In this case, the one-year limitations period resumed running on August 21, 2008, and will expire 243 days from that date unless Bible files a

---

[4] Bible is not entitled to statutory tolling under § 2244(d)(2) during the pendency of his first, premature art. 11.07 application. *See Larry v. Dretke*, 361 F.3d 890, 893-95 (5th Cir. 2004) (art. 11.07 application filed *before* issuance of mandate was *not* "properly filed" and, thus, could not statutorily toll the one-year limitations period).

[5] In *Salinas*, unlike this case, the TCCA initially denied the art. 11.07 application seeking an out-of-time PDR, which caused the one-year period to resume running. Only after the one-year period had elapsed, the TCCA reconsidered on its own motion the denial of the art. 11.07 application and granted the petitioner an opportunity to file an out-of-time PDR. *See Salinas*, 354 F.3d at 430 n. 6.

The *Salinas* court made clear that "[i]n most cases in which the Court of Criminal Appeals grants the right to file an 'out-of-time' PDR, the federal statute of limitations will not lapse until after the Court of Criminal Appeals receives the petition and decides whether to hear the case on the merits. This is because the statute of limitations is tolled during the pendency of the collateral proceedings that the petitioner uses to request the right to file an 'out-of-time' PDR." *Id.*

new art. 11.07 state application which will toll the limitations period. *See* 28 U.S.C. § 2244(d)(2).[6]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[7]

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed this 29th day of August, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district

---

[6] Statutory tolling under § 2244(d)(2) is unavailable during the pendency of this federal petition. *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (holding that application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2)).

[7] Petitioner should act diligently and expeditiously in returning to state court to exhaust his federal claims. The one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), is applicable to this as well as to any subsequent petition that Petitioner may file in this court.

judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.